**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000056
17-JAN-2017
11:09 AM**

NOS. CAAP-15-0000056, CAAP-15-0000057, AND CAAP-15-0000058

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AA, Plaintiff-Appellant, v.
AA, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
HILO DIVISION
(FC-D NO. 13-1-238)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

This consolidated appeal[1] arises from a divorce between Plaintiff-Appellant AA ("Father"), pro se, and Defendant-Appellee AA ("Mother"), pro se, and a dispute over the custody of their four minor children (collectively, the "Children"). Father appeals from the January 2, 2015 Findings of Fact, Conclusions of Law and Decision of the Court ("FOF/COL") that was issued by the Family Court of the Third Circuit ("Family Court").[2] We construe the appeal to stem from the February 4, 2015 Divorce Decree ("Divorce Decree"), which incorporates the FOF/COL, and in which the Family Court dissolved Mother and Father's marriage and awarded sole legal and physical custody of the Children to Mother, subject to Father's right to supervised visitation consistent with the emotional and therapeutic needs of the Children. We further construe Father's opening brief to contend

---

[1]  Appellate case numbers CAAP-15-0000056, CAAP-15-0000057, and CAAP-15-0000058 were consolidated by this court under appellate case number CAAP-15-0000056.

[2]  The Honorable Lloyd Van De Car presided.

that the Family Court abused its discretion when it awarded Mother sole legal and physical custody of the Children.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance, the issues they raise, and the relevant statutory and case law, we resolve Father's point of error as follows, and affirm:[3/]

Father essentially asserts that the Family Court abused its discretion in awarding Mother sole legal and physical custody of the Children. Father cites to *Stanley v. Illinois*, 405 U.S. 645 (1972), the United States Constitution, and the Bill of Rights. In *Stanley*, the United States Supreme Court held that under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, an unwed father was entitled to a hearing on his fitness as a parent before his children could be taken from him in a dependency proceeding. *Id.* at 658. *Stanley* is inapposite here, however, as Father was given many hearings and a trial to determine his entitlement to custody of the Children. Further, if Father intends to argue something other than a failure of due process under the Fourteenth Amendment, he does not provide any argument in his opening brief explaining the application of his objection based on the U.S. Constitution or the Bill of Rights. Therefore, these contentions are waived on appeal. *Kakinami v. Kakinami*, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012).

Father fails to provide transcripts of hearings relevant to his claims on appeal and fails to show an abuse of discretion on the part of the Family Court. "The burden is upon

---

[3/] Father's opening brief fails to adhere to the requirements of Hawai'i Rules of Appellate Procedure ("HRAP") Rule 28(b) in several respects, including Father's failure to provide a concise statement of the case, or any references to the record, in violation of HRAP Rule 28(b)(3); Father's failure to provide points of error, citation of legal authority, and cogent arguments, as required by HRAP 28(b)(4) & (b)(7); and attaching documents to his opening brief that are not part of the record on appeal, in violation of HRAP 28(b)(10). Nonetheless, noncompliance with HRAP Rule 28 does not always result in dismissal of the claims, and "[t]his court . . . has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" *Morgan v. Planning Dep't, Cty. of Kauai*, 104 Hawai'i 173, 180-81, 86 P.3 982, 989-90 (2004) (quoting *O'Connor v. Diocese of Honolulu*, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994)). Therefore, we proceed to address Father's points and arguments to the extent that we are able.

appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." *Bettencourt v. Bettencourt*, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (quoting *Union Bldg. Materials Corp. v. The Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)). "The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." *Id.* Transcripts are not always necessary for appellate review, if "it is possible to determine that the court erred without recourse to the transcript." *Thomas-Yukimura v. Yukimura*, 130 Hawai'i 1, 10 n.19, 304 P.3d 1182, 1191 n.19 (2013). Such a determination is not possible here. We cannot conclude from the record on appeal and Father's opening brief that Father has met his burden to demonstrate error. Accordingly, we affirm the Family Court's custody decision.

Based on the foregoing, the January 2, 2015 Findings of Fact, Conclusions of Law and Decision of the Court, and the February 4, 2015 Divorce Decree entered by the Family Court of the Third Circuit are affirmed.

DATED: Honolulu, Hawai'i, January 17, 2017.

On the briefs:

AA, Pro Se Plaintiff-
Appellant.

AA, Pro Se Defendant-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge